**FIFTH DIVISION**
**REESE, J.,**
**MARKLE and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 25, 2022**

# In the Court of Appeals of Georgia

A20A0251. AMERICAN CIVIL LIBERTIES UNION, INC. v. ZEH.

REESE, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *American Civil Liberties Union v. Zeh*[1] ("*Zeh I*"), the American Civil Liberties Union, Inc. ("ACLU") appealed the trial court's denial of its motion to strike B. Reid Zeh's defamation lawsuit pursuant to Georgia's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, OCGA § 9-11-11.1. We affirmed the trial court's ruling.[2]

---

[1] 355 Ga. App. 731 (845 SE2d 698) (2020).

[2] Id.

In *American Civil Liberties Union v. Zeh*[3] ("*Zeh II*"), the Supreme Court of Georgia granted the ACLU's petition for certiorari "to address what standard of judicial review applies in this situation and whether, under that standard, the trial court erred by denying the anti-SLAPP motion to strike."[4] The Supreme Court held that the trial court erred because Zeh had not established a probability of prevailing on his defamation claim under the second part of the anti-SLAPP test.[5] The Court thus reversed our decision upholding the trial court's ruling.[6]

"That conclusion does not fully resolve this case, however."[7] The trial court did not rule on Zeh's motions for discovery, which would have been moot if the trial court's original ruling denying the motion to strike had been correct.[8] The trial court erred, however, and it could not be determined "as a matter of law that the discovery requested could not lead to additional evidence that would support Zeh's defamation

---

[3] 312 Ga. 647 (864 SE2d 422) (2021).

[4] Id. at 648.

[5] Id. at 674 (4).

[6] Id.

[7] *Zeh II*, 312 Ga. at 674 (5).

[8] Id. at 675 (5).

claim and make granting the ACLU's motion to strike improper."[9] Accordingly, the Supreme Court remanded with direction that we remand the case to the trial court to rule on Zeh's discovery motions.[10]

Now that the case is before us on remand, we vacate our opinion in *Zeh I*, and adopt the Supreme Court's opinion in *Zeh II* as our own. We therefore reverse the trial court's ruling on the ACLU's anti-SLAPP motion and remand to the trial court with instruction to rule on Zeh's discovery motions and then proceed in a manner consistent with *Zeh II*.

*Judgment reversed and case remanded with direction. Markle and Pinson, JJ., concur*.

---

[9] Id.

[10] Id. at 675-676 (5).